# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ROTHCHILD REALTY LLC, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL CASE NO. H-09-2494 |
| § | |
| NATIONWIDE PROPERTY & § | |
| CASUALTY INSURANCE CO., *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion to Remand [Doc. # 6]. Defendants neither filed any opposition to the Motion to Remand nor requested additional time to do so.[1] Having considered the full record and the applicable legal authorities, the Court concludes that it lacks jurisdiction over this dispute and **grants** the Motion to Remand.

## I.   BACKGROUND

Plaintiff is a citizen of Texas, as are Defendants Tony May and the May Group LLC (collectively, the "May Defendants"). Plaintiff was the insured under Texas Homeowners' Insurance policies issued by Defendant Nationwide Property &

---

[1] Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4.

Casualty Insurance Company ("Nationwide") and sold to Plaintiff by the May Defendants. Plaintiff alleges that it made claims under the policies for damages incurred as a result of Hurricane Ike. Plaintiff further alleges that the claims were denied because the May Defendants failed to obtain the proper coverage for Plaintiff's properties.

Plaintiff filed suit in the 189th Judicial District Court of Harris County, Texas. Nationwide filed a Notice of Removal, asserting that the non-diverse May Defendants were improperly joined. Plaintiff filed a timely Motion to Remand, which is now ripe for decision.

## II.   ANALYSIS

"'Federal courts are courts of limited jurisdiction.' " *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828,

832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005)).

Defendant asserts that the May Defendants were improperly joined and that, as a result, the Court should disregard the May Defendants' Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or the removing defendant demonstrates that plaintiff cannot establish a cause of action against the non-diverse defendant. *Kling Realty Co., Inc. v. Chevron USA,* Inc., 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514.

It is well-established and undisputed that Texas law allows a plaintiff to maintain a cause of action for unfair insurance settlement practices against the individual and/or corporate insurance agents. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486-87 (Tex. 1998). Plaintiff alleges in the Original Petition that the May Defendants breached their duty to obtain the proper insurance coverage for Plaintiff's properties and that they misrepresented the extent of actual coverage. Defendant has not demonstrated that there is no possibility that Plaintiff could prevail on these claims against the May Defendants.

Defendants have not carried their burden to establish improper joinder of the May Defendants. Because Plaintiff and the May Defendants are Texas citizens, complete diversity of citizenship is absent and this Court lacks subject matter jurisdiction over this dispute.

## III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes it lacks subject matter jurisdiction in this case and the action must be remanded to the 189th Judicial District Court of Harris County, Texas. It is therefore

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **GRANTED** and this case is remanded to the **189th Judicial District Court of Harris County, Texas**,

for lack of subject matter jurisdiction. The Court will issue a separate Order of Remand.

SIGNED at Houston, Texas, this **30th** day of **September, 2009**.

_____
Nancy F. Atlas
United States District Judge